Case number 23-5122, Iowaska Church of Healing, at balance, v. Daniel I. Werfel, in his official capacity as Commissioner, Infernal Revenue Service, and United States of America. Mr. Steele, for the at balance, Ms. Lyon, for the evidence. Mr. Steele, good morning. Good morning. May I please the court, Simon Steele for the Iowaska Church of Healing, which I'll refer to as the Church. The district court made two separate errors in this case. First, it got the tax code question wrong because it misunderstood the interaction of the three statutes in this case. The tax code, the Controlled Substances Act, and RFRA. It misunderstood those statutes because it believed that there was what amounts to an exhaustion of administrative remedies requirement. My client had to go to the DEA or go around the DEA. Mr. Steele, I don't mean to interrupt. I don't know about my colleagues, but I'm very hard of hearing. Can you get closer to the microphone? Sure. Is this better? No, you can lift it up. I think it's as high as it goes. Please do interrupt me if I'm hard to hear again. On the tax code question, the district court misinterpreted the interaction of the three statutes here, RFRA, the Controlled Substances Act, and the tax code. It misinterpreted them as effectively requiring exhaustion of administrative remedies, as requiring my client to get permission to exercise its religion from the DEA, or possibly in a lawsuit against the DEA before it could lawfully exercise its religion. In doing so, it also misinterpreted the key precedent on which the IRS relied from day one, the Bob Jones case. Separately, on the RFRA count, the district court got standing wrong. We articulated multiple theories of standing below, but one of them suffices. It's a straightforward economic injury. The thing we're complaining about in this case has always been half a piece of paper. The top half of page 355 in the joint appendix is the key part of the IRS final decision letter. There's never been any question that that's what we're complaining about. What that half a page does is it says we are denied a 501c3 exemption. The remedy we sought was to get a 501c3 exemption. The case law is clear. Frankly, economic common sense is clear. A party denied a 501c3 exemption has suffered an injury which should be sufficient for the minimum constitutional standing that's required under RFRA. I'd like to focus my remarks on the tax code claim primarily. There are three key points that are undisputed or should be beyond reasonable dispute in the record. First, the church's purposes are religious and charitable. It serves multiple purposes, both the exercise of religion through its ayahuasca sacrament and various other medical, healing, and charitable purposes. In addition, the church is expressly committed in its articles of incorporation to comply with the law and 501c3 requirements. Second, the one controversial purpose here, the ayahuasca tea sacrament, is a sincere exercise of religion protected by RFRA. The IRS has never disputed that in this case. That may not be true of others who have claimed RFRA protection for using various controlled substances. It is true in this case. Third, the church has consistently acted as a law-abiding entity. It modeled itself on the Ochantro Church. Indeed, the IRS said in one of its determinations that the church is strikingly similar to the Ochantro Church. It modeled itself on the Ochantro Church because the Ochantro Church wanted to look for a case in the Supreme Court, and because in 1994, without any exhaustion of administrative remedies and any contact with the DEA prior to that, the IRS had approved... To say that the Ochantro Church won their case in the Supreme Court, the Supreme Court affirmed the entry of a preliminary injunction, but that wasn't a decision on the merits. The Supreme Court was careful to say that in these RFRA cases, they depend particularly on the application to the person involved. I don't see how you can transmute, even if it was a victory for that church, onto any other entity. That seems contrary to the Supreme Court's analysis. Absolutely agreed, Your Honor. This isn't a case where we can just cite Ochantro and you can say, fine, we go home. We've won the case. However, the analysis in Ochantro is a very clear indication of how cases like this should be analyzed, consistent with the strict scrutiny that RFRA requires. This church has been known to be strikingly similar to the Ochantro Church, and while the Ochantro case was, and I'll concede this point to the government, decided before the DEA created its exemption process under the CSA, there are subsequent cases, including particularly the Oklavweha case in the Ninth Circuit, which were decided since that, and are similar to our case on the facts. And the Oklavweha case in the Ninth Circuit expressly rejects the government's notion in this case that there has to be an exhaustion of administrative remedies before an Ayahuasca church can practice its religion. Where does the IRS say there has to be an exhaustion of administrative remedies as opposed to saying they don't have the authority to give an exemption in the CSA? That's the law of the land. The IRS doesn't administer the CSA. Does what? Does not administer the CSA. That's exactly right. Sure. But if the activity we're talking about here is inconsistent, it violates public policy, and there's no question so far that is public policy. And the IRS has no authority to give an exemption for that. That has to happen somewhere else. So exhaustion or not, that's not what IRS is saying. They're saying that under their mandate, this violates public policy, and therefore they're not giving an exemption. Your Honor, I think it amounts to the same thing. It may amount to it, but it really is not what they have said. They are simply saying that under the authority that we have to exercise, we can't grant an exemption. It is the law of the land, whether you think it should or should not be the law of the land. The Supreme Court's decision doesn't say anything inconsistent with that. They're not saying that that CSA notion is wrong. So I don't know how you can challenge what the IRS has done. They've done what they are mandated to do. They've looked at public policy. This violates public policy, and so that's that. If something changes later, then they might be in a different position. One of the things that might change later is that the Judicial Administration may change its ruling, or some court may do something, but they haven't done anything that's inconsistent with the law, and they're following the law. Two points, Your Honor. First, we do not concede that the sacrament violates public policy. Public policy, for purposes of IRS law, is what Congress says public policy is. Congress has legislated two different overlapping public policies that are relevant to the Ayahuasca sacrament here. One is that the use of DMT is generally prohibited, although there can be exceptions to it. The other is that religious sacraments, which the Supreme Court clearly indicated in El Centro include, or potentially include in the sacrament here, are protected by RFRA, and the government can only take adverse action to them, such as treating them as illegal, if the government satisfies strict scrutiny. My second point, quickly, is the Bob Jones case. As you said, the IRS has to do its job and not the DEA's job. What is its job? Its job here was to apply the Bob Jones case. The IRS said, that's what I'm doing. I'm applying the Bob Jones case. The Bob Jones case says you can only deny 501c3 status if there is, quote-unquote, no doubt that this is against public policy. RFRA, plus El Centro, plus Upland Weha, at a minimum create a very substantial doubt that the sacrament here is against public policy. If there are no further questions, I'll reserve the remaining. We'll give you some time to reply. Thank you. Ms. Lyon. Thank you, Your Honor, and may it please the court. My name is Kathleen Lyon, and I represent Commissioner Werfel and the United States. Tax-exempt status under Section 501c3 of the code is a privilege conferred by Congress on organizations that qualify for it by carrying their burden of showing that they are organized and operated exclusively for one or more exempt purposes. Congress has also, in the Controlled Substances Act, prohibited the distribution of dimethyltryptamine, the Schedule I drug that the taxpayer here uses to make the ayahuasca tea distributed in its ceremonies. Unless ayahuasca can show that the prohibitions in the Controlled Substances Act apply to it, it cannot carry its burden of showing that it is entitled to tax-exempt purpose. And it can't make that showing here because it has not obtained an exemption from the CSA, either from the DEA, or through judicial relief under RFRA. I'll try to focus my comments in reaction to what Mr. Steele has argued. Number one, he says the IRS must determine whether the church is exempt from the Controlled Substances Act under RFRA using a strict scrutiny standard that applies in RFRA cases. This gets the burden of proof backwards. The burden is on the church to prove that it's entitled to tax-exempt status. And they agree that the IRS lacks authority to determine whether an exemption applies here under the Controlled Substances Act. With respect to Ocentro, they've made the argument that the IRS has to grant tax-exempt status even without the exemption in hand because there's a presumption of legality. I think it's fairly clear from Ocentro and from the earlier discussion that Ocentro didn't hold that the use of ayahuasca is presumptively legal. It is a particularized case-by-case determination, and the context matters. And so that would have to be determined. They have asked DEA to make that determination, and it is currently considering it. With respect to Bob Jones, they've argued that they're entitled to a benefit of the doubt or that the IRS can only deny the tax exemption if there's no doubt that the distribution is illegal. And the fact is there is no doubt on that. But on a broader level, the no-doubt standard under Bob Jones isn't quite the right fit here for them. I don't think in Bob Jones the question was whether the conduct there was against public policy in the first instance. We don't have that issue here. Congress has spoken very clearly, and the question is whether ayahuasca is exempt from the application of the Controlled Substances Act that bars its conduct. So the IRS doesn't determine that, shouldn't determine that because it doesn't have authority to determine that, and ayahuasca agrees with that. On the administrative exhaustion point, I'll just point out, as has been said by Judge Edwards, what is happening, ayahuasca's problem here is not an administrative exhaustion problem. It is an authority problem. And the IRS simply doesn't have the authority to make the determination that they wanted to make. They're seeking the wrong remedy here against the wrong agency. If the Court has no further questions. All right. Thank you. Thank you. Okay. Why don't you take two minutes, Mr. Steele? Thank you, Your Honor. I can be very brief. The IRS does not have the final authority to determine whether or not a person has a legal liability under the CSA. That's agreed. The IRS, however, has the authority and has the obligation to make the determination that it attempted to make applying the Bob Jones test. That determination is one of public policy and law. I heard my friend Ms. Lyon talking about the burden of proof. There's a lot of discussion of the burden of proof in the IRS's brief. I haven't heard the IRS identify a single disputed factual question in this case. The issue here isn't who has the burden of proof. The issue here is when there is a genuinely and substantially disputed question of what public policy as determined by Congress in both the CSA and RFRA requires, how is the IRS to resolve that question? And Bob Jones provides the answer to that. It says that only if there is no doubt that the purpose is against public policy should the IRS reject 50133 application. But you agree, as a judge, if I think there is no doubt that this violates CSA public policy, you lose. Correct. I agree. Anything else? Thank you. Thank you.
judges: Henderson, Wilkins, Edwards